## PARTRIDGE *v.* JACKSON.

All bills must have the signature of counsel; and the defect cannot be remedied after the pleading has once got on the files, unless under an order of the court. A bill signed by counsel while it was on the files, ordered to be stricken off.

*June 6, 1836.*

*Practice.*
*Bill.*
*Signature of counsel.*

Application to strike the bill off the files of the court. It had been filed without signature of counsel. The solicitor of the defendant had gone to the clerk's office, for the purpose of perusing it, and found it to be thus without the signature of counsel. He gave notice of appearance, and demanded a copy of the bill under the statute. In the meantime the solicitor for the complainant had found out what the bill required and got counsel to sign it in the clerk's office.

Mr. *D. Graham, Jr.*, for the motion.

Mr. *A. Wright*, contra.

THE VICE-CHANCELLOR :—Two objections are raised upon this motion : 1st, that the bill was not signed by counsel when filed ; and, 2nd, that the after signature was irregular.

I consider it indispensably necessary that a bill should have the signature of counsel before it is put upon the records of the court. This is laid down in books of practice and is borne out by cases. Mr. Hoffman states it distinctly in his book of Practice, vol. 1, p. 97, and refers to the case of *French* v. *Dear*, 5 Ves. 547, where the bill was ordered to be taken from the files, even though the cause had reached a hearing and also to the case of *Kirkley* v. *Burton*, 5 Mad. 378, where a demurrer was sustained in consequence of the bill not having been signed by counsel. And the English

books of practice carry the same regulation on their face, having gathered it from Lord Bacon's rules.

The regulation is a right one, for there ought to be some one responsible in case there should be any thing scandalous or impertinent in the bill. Chancellor Walworth said, in *Doe* v. *Green*, 1 Paige's C. R. 349, that the counsel whose name is put to a pleading, containing scandalous or impertinent matter, is personally liable to the adverse party for the costs of the proceedings to expunge the scandal or impertinence ; and his Honor, in *Powell* v. *Kane*, 5 Paige's C. R. 267, observes :. " It is the settled law of the court, that the solicitor who draws' a scandalous or impertinent pleading or proceeding and the counsel who sanctions it with his name are both personally liable to the adverse party, for the costs of expunging the scandalous or impertinent matter. And, as a general rule also, such costs should be charged upon them instead of their client, in the first instance ; although the client is also liable therefor." And this is right : for the records of the court should be kept pure. The statute also recognizes it, in allowing a fee, although a small one, to counsel for perusing and signing a pleading of this kind.

Although this is a mere judgment-creditor's bill, yet still it must have the signature of counsel. There can be no distinction in this respect. It is true, the solicitor who filed the bill was also of the standing of counsel ; and if he had signed in both capacities, it would have been sufficient—but he has not done so.

If this defect be sufficient to overturn the bill by a demurrer, it is enough to uphold and authorize the granting of a motion to have it taken off the files.

Then, as to the after-signature. An affidavit, which has been read on the motion, shows how it has been done. It appears that the solicitor for the complainant, after the bill was on file, casually met a counsel in the clerk's office, and there got him to sign it—this counsel not knowing, when he did it, that the bill had been already on the files of the court. If a counsel chooses to risk his signature to a bill, he can do it, and I see no reason why the defendant should be allowed to object. But the present bill belonged to the files

1836.

PARTRIDGE
*v.*
JACKSON.

of the court; and it appears by affidavit, that the complainant intended to avail himself of the objection. I consider it was not regular to add the signature of counsel after the pleading had been filed.

The court might have granted an *ex parte* order, perhaps, alowing it to have been done, if an application had been made —subject, however, to the just rights of the opposite party.

I do not see but what the order must be to strike the bill from the files of the court, although it may operate, in some degree, as a hardship. It appears to have been an inadvertence on the part of the complainant's solicitor; and the object of the present motion appears to be to get rid of the costs of the suit. The defendant admits he is abundantly able to pay the judgment and has made a tender of the amount. His conduct does not stand in a very justifiable light: for it further appears that the debt arose for money lent in friendship.

I must grant the motion, but without costs.